Selling marijuana; ten years.
The evidence, taken in the light most favorable to the State, established that on April 17, 1980, the appellant sold marijuana to undercover officer Billy Gaines. There was no challenge at trial, or on this appeal, to the sufficiency of the evidence.
 I
After the trial judge had begun his oral charge to the jury, he apparently noticed from the court file that appellant had not been arraigned. The court then called both parties to the bench, asked the district attorney to read the indictment to the defendant, and received the defendant's plea of not guilty. Appellant now asserts that it was error to arraign him in the presence of the jury after all the evidence had been presented.
We find no reversible error here. If through oversight no formal plea has been entered for the accused, the defect may be cured anytime during the trial before the jury retires. Newsomev. State, 49 Ala. App. 248, 270 So.2d 680 (1972).
 II
Appellant next contends that the jury separated without his consent. The record, however, does not reflect that the jury separated at all. Although the trial commenced on August 5, 1981, and the verdict of the jury was announced on August 6, 1981, for aught that appears, the jury was not allowed to separate during the recess. We cannot presume error from a silent record. Furthermore, even if the jury had separated, it was incumbent upon the appellant to object to any improper conduct when first discovered and not for the first time on appeal. Fuller v. State, 365 So.2d 1010 (Ala.Cr.App. 1978), cert. denied, 365 So.2d 1013 (Ala. 1979).
 III
Appellant asserts that he was denied the effective assistance of counsel at trial. He is represented by different counsel on appeal. He claims that, because his attorney made no motion to exclude the State's evidence, allowed him to be questioned by the State about other drug dealings, and did *Page 138 
not move for a mistrial when he was arraigned during the court's oral charge, he was inadequate.
Appellant also claims that his trial counsel's ineffectiveness was demonstrated by his failure either to request any written charges covering the elements of the offense, or to except to the court's omission.
Initially, we note that counsel's failure to act, whether it is a failure to object, to make certain motions, or to request certain charges, does not of itself constitute inadequate representation. Rather, the attorney's failure to act must cause the trial to be reduced to a farce, sham, or mockery of justice. Behel v. State, 405 So.2d 51 (Ala.Cr.App. 1981);Bridges v. State, 391 So.2d 1086 (Ala.Cr.App. 1980); Lewis v.State, 367 So.2d 542 (Ala.Cr.App. 1978), cert. denied,367 So.2d 547 (Ala. 1979).
We do not find that counsel's failure to move to exclude the State's evidence resulted in making the trial a mockery of justice. The State's evidence against the appellant was strong. An undercover police officer testified that appellant made a sale of marijuana to him. The appellant's defense was a simple denial of the sale. The jury obviously chose to believe the police officer. Under these circumstances, the lack of a motion to exclude did not prejudice the appellant.
Trial counsel's failure to object or move for a mistrial when appellant was arraigned also does not constitute ineffectiveness since, as we have stated in part I of this opinion, the court did not err and the appellant suffered no prejudice.
From our examination of the record, it appears that allowing the State to question appellant about other drug dealings was a matter of trial strategy. Appellant admitted, without hesitation, that he had "given away" marijuana before but had never sold it, and he specifically denied either giving or selling it to Officer Gaines.
Apparently, counsel's plan was not to deny that his client had given an occasional "joint" to a friend, but to contest that he was ever engaged in selling. Matters of trial strategy should be left to counsel's judgment in the absence of a clear showing of inadequate representation. Bridges v. State, supra;Goodman v. State, 387 So.2d 862 (Ala.Cr.App.) cert. denied,387 So.2d 864 (Ala. 1980).
Finally, although the court's oral charge did not outline in detail the elements of the offense of selling marijuana, counsel's failure to except or to request a written charge did not prejudice appellant. Appellant's conduct, as related by Officer Gaines, constituted the offense defined in § 20-2-70 of the Alabama Code 1975.
We have examined the record and assertions of counsel and have found no error. The judgment of conviction by the Mobile Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur.