This is an appeal from the denial of a petition for writ of error coram nobis seeking to overturn a conviction for the crime of sodomy for which petitioner was sentenced to fifty years in the penitentiary. Petitioner was originally indicted for rape and sodomy involving the same victim. He was represented by retained counsel who advised him that he did not believe he could win his case before a jury. The record is somewhat confusing as to the terms of a plea bargaining agreement between petitioner's attorney and the District Attorney's office as to the punishment in the rape case but petitioner understood if he pleaded guilty to rape he would be sentenced to ten years in the penitentiary. He thereupon signed an Ireland form which contained all of his constitutional rights in the presence of an associate of his retained counsel and Honorable William R. Gordon, one of the judges of the Circuit Court of Montgomery County.
Following a hearing before Judge Gordon to determine if the guilty plea was knowingly and voluntarily made, petitioner denied that he raped the victim. After the defendant denied that he actually raped the victim, Judge Gordon refused to accept the guilty plea. Thereafter a discussion was had as to whether petitioner would plead guilty to the sodomy indictment, as the punishment in each case was the same.
For a better understanding of what transpired thereafter we deem it appropriate to quote from the transcript marked "Petitioner's Exhibit 1" as follows:
 "THE COURT: Did you put your penis in her vagina under the conditions she described in that statement?
"MR. WOODARD: No, sir.
"THE COURT: Okay, see you tomorrow, gentlemen.
 "MR. POOLE: Do you suppose that if he would plead to the forcible sodomy rather than the rape —
 "THE COURT: I don't have any idea. "Don't look at your lawyer; it's your decision, Mr. Woodard.
 "MR. WALDEN: You have to decide. It's the same punishment.
 "THE COURT: I presume that — has the Defendant given y'all a slightly different story from what he has told me, or not?
 "MR. WALDEN: I went over the case with him, Judge, and I told him my opinion, and that I didn't believe that I could win this case. It would really be a question between her and him. And he had said he was willing to do what I suggested, and I advised him to plead guilty. We wouldn't have any objection if he changed it to sodomy — pleading guilty to sodomy, if Jimmy didn't or you didn't.
 "THE COURT: I don't know that he can plead guilty to that.
 "MR. WALDEN: Well, did she put your thing in her mouth, Tim? *Page 1200 
"MR. WOODARD: Yes, sir.
"MR. WALDEN: And you forced her to do it?
"MR. WOODARD: I told her to do it, yes, sir.
"MR. WALDEN: And you threatened?
"MR. WOODARD: Yes, sir.
 "MR. WALDEN: Well, that makes that case, Judge, in my opinion.
"THE COURT: Is that correct, Mr. Woodard?
"MR. WOODARD: Yes, sir.
 "THE COURT: Mr. Woodard, I don't want you sitting here just telling me this because you think you may lose your case. You may or may not lose the case, I don't know. But I've got to have the absolute truth right now.
"MR. WOODARD: Yes, sir.
 "THE COURT: Did you force her to take your penis into her mouth under threat or duress or bodily harm?
"MR. WOODARD: Yes, sir.
"THE COURT: All right.
 "MR. POOLE: That would be 80-1308. They are both class A felonies and both carry the same punishment.
 "THE COURT: All right, sir. Mr. Walden, have you discussed this case with your client? Have you discussed with him the facts of this case and his rights in this case?
"MR. WALDEN: Yes, sir.
 "THE COURT: And do you believe the court should accept this plea of guilty to the offense of sodomy in the first degree?
"MR. WALDEN: Yes, sir.
 "THE COURT: All right, sir. Mr. Woodard, on your plea of guilty in the case number 80-1308, sodomy in the first degree, the facts that you have now told me with regard to that, upon hearing the statement of the victim in this case, I'll accept your plea of guilty of sodomy in the first degree and hereby find you guilty. And we'll set sentencing for two weeks from Friday in this case."
* * * * * *
 "THE COURT: This is the case of State of Alabama versus James Timothy Woodard, 80-1308.
 "Mr. Woodard, in this case you have entered a plea of guilty to the offense of sodomy in the first degree on November the 17th of this year. Do you or Mr. Walden have anything to say now why sentence of law should not be entered in this case?
"MR. WOODARD: No, sir."
* * * * * *
"THE COURT: All right, sir.
 "Mr. Woodard, I don't know what happened to all of these prior charges against you. We can't find out. All I can say to you is that I think somebody a long time ago would have done you a favor if they would have gotten your attention at that point.
 "I find the facts of this case to be particularly heinous.
 "It is the order and judgment of this court on your plea of guilty in this case that you be sentenced to serve a term of imprisonment in the penitentiary for fifty years."
At the conclusion of the testimony, and statements of the attorneys representing the state and petitioner, the trial court made and entered the following order:
 "The court having read and considered petitioner's petition for writ of error coram nobis, and having heard testimony in support thereof, and argument of counsel, the court is of the opinion and finds it is ordered that the petition is denied.[1]
 "Done and Ordered in Chambers this 20th day of July, 1982.
 /s/ William R. Gordon Circuit Judge
[1] "It is alleged in the petition that the court denied petitioner the right to consult with his counsel. The court recalls this instance in the proceedings and the language from the record which petitioner construes as being denied the right to consult with his counsel was occasioned by the court asking the petitioner directly whether he desired to enter a plea to sodomy in the first degree instead of merely following the lead of counsel." *Page 1201 
The office of the writ of error coram nobis, under Alabama law, is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or party affected, and which, if known in time, would have prevented the judgment challenged and serves as a motion for a new trial on the ground of newly discovered evidence. Goodman v. State, Ala.Cr.App., 387 So.2d 862, writ denied, Ala., 387 So.2d 864.
In coram nobis proceedings, when inadequacy of counsel is alleged, the burden is upon petitioner to show by clear and convincing evidence that his legal representation was totally inadequate. Lewis v. State, Ala.Cr.App. 367 So.2d 542; writ denied, Ala., 367 So.2d 547.
A coram nobis petitioner has the burden of proving the allegations of his petition. Robinson v. State, Ala.Cr.App.,361 So.2d 1172. See Gill v. State, Ala.Cr.App., 380 So.2d 1008.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The order of the trial judge in denying the relief sought in the coram nobis proceeding is affirmed.
AFFIRMED.
All the Judges concur.
 *Page 1