The appellant was convicted of the offense of attempted murder and sentenced to twenty-five (25) years in the penitentiary pursuant to the Habitual Felony Offender Act. This Court affirmed his conviction without opinion on March 20, 1984. The appellant subsequently filed a petition for writ of error coram nobis before the trial court which rendered the judgment of conviction. Following a hearing on the allegations contained therein, the trial court denied the petition.
 I
The petitioner alleges that he was denied the effective assistance of counsel at trial. He raises a number of issues which he claims proves such an allegation. Such issues are: (1) that counsel was ineffective for failing to challenge the make-up of the Grand Jury that indicted him, either before or during trial, in that the Grand Jury selection process in Tuscaloosa County discriminates against blacks; (2) that counsel failed to call key defense witnesses; (3) that counsel failed to have the jury sequestered; (4) for failing to object to the trial court's allowing the victim and investigating officer to remain in the courtroom throughout his trial; (5) for failing to ask the Court for a mistrial after the trial court did not ask the defendant if he wanted the jury sequestered and (6) for not allowing the defendant to testify in his own behalf.
We affirm the trial court's denial of the petition with reference to the ineffective assistance of his trial counsel. A review of transcript does not support this allegation. The petitioner is under a burden to prove each allegation in his petition. He has failed to carry this burden.
Petitioner's trial counsel testified that the defendant never requested that he challenge the make up of the Tuscaloosa County Grand Jury. Counsel further stated that he had no information whatsoever that such Grand Jury was racially discriminatory in its make up. The petitioner also stated that he had no such information, it was just "his feeling" that such was true.
Counsel stated that the petitioner did not make a request to keep the jury together. The sequestering of the jury was discussed with petitioner before trial and he agreed not to have them locked up at night. Further, a review of the trial transcript reveals that the trial judge did in fact ask if there was any objection to letting the jury separate. The defense answered in the negative.
Regarding the failure of counsel to call certain defense witnesses, counsel testified that he had never heard of two of the witnesses petitioner claims should have been called to testify until he received a letter from the grievance committee. He stated that he did not know anything about these witnesses. The petitioner testified that these two witnesses had seen the entire incident and should have been called to testify.
Regarding counsel's failure to object to the victim and investigating officer remaining in the courtroom, counsel stated that he does not remember the defendant objecting to them being in the courtroom. Counsel further testified that it was common practice in that circuit to allow the victim and investigating officer to remain in the courtroom and that the petitioner never said anything about this to him.
Regarding the allegation that counsel would not let petitioner testify, counsel testified that the matter was discussed fully with the petitioner before and during trial. He told the petitioner that they were in as good shape as could be expected. The petitioner had given a signed statement to the police and had a previous conviction. He recommended to the petitioner that he not take the stand and he agreed that it would be best not to testify.
The United States Supreme Court in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) held that "the proper standard for attorney performance is that of reasonably effective assistance." Further, the appellant's *Page 671 
counsel's performance must be shown to have prejudiced his defense. "The appropriate test for prejudice is stated inStrickland, 104 S.Ct. at 2068: `The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Moffett v.State, 457 So.2d 990 (Ala.Cr.App. 1984), (citations omitted). "In making a determination of prejudice, this Court must consider `the totality of the evidence before the judge or jury.'Strickland, 104 S.Ct. at 2069." Id.
A review of the record indicates that petitioner has failed to meet such burden of proof in this proceeding. Counsel was not ineffective in a constitutional sense as argued by this petitioner. See Daniels v. State, 459 So.2d 948 (Ala. 1984);Duncan v. State, 461 So.2d 906 (Ala.Cr.App. 1984); Browning v.State, 465 So.2d 1208 (Ala.Cr.App. 1985); Dunkins v. State, [Ms. 6 Div. 591, April 9, 1985] (Ala.Cr.App. 1985).
 II
Appellant argues that the testimony of the defense witnesses, whom trial counsel failed to call, constitutes newly discovered evidence and he is, therefore, entitled to a granting of this petition. He argues that Barbara Jean Dixon and Ann Cooper were eyewitnesses to the shooting and could have supplied information which would change the result of his trial. This contention is without merit.
Dixon and Cooper testified at the coram nobis hearing. A review of their testimony and the testimony of the petitioner reveals that the petitioner knew of the facts at the time of his trial. The office of the writ of error coram nobis is to bring to the attention of the Court an error of fact, one not appearing on the face of the record, which was unknown to the Court or the party affected, and which, if known in time, would have prevented judgment of conviction. See Woodard v. State,433 So.2d 1198 (Ala.Cr.App. 1983) and Cannon v. State,416 So.2d 1097 (Ala.Cr.App. 1982). In this cause the petitioner stated that he knew these two women were eyewitnesses, that he knew this before the trial, and that he had wanted them to testify at trial. Clearly, this allegation must fail pursuant to the above cited authority.
Further, such testimony would not have changed the result of his original trial.
 III
The petitioner's remaining allegations, (1) that the Habitual Offender Act was improperly applied in his case; (2) that he was improperly tried by a trial judge who had once prosecuted him in a robbery case in 1973 and, therefore, was prejudiced and biased against him; and (3) that the jury venire was improperly biased in favor of the alleged victim in that nearly half of the members were employed at Druid City Hospital, were properly denied by the trial court. The failure to raise an issue at the original trial or on the subsequent appeal bars the remedy of coram nobis review. Further, the petition for writ of error coram nobis does not lie to review claims that could have been, but were not, raised at trial or on appeal. See Hoppins v. State, 440 So.2d 1125 (Ala.Cr.App. 1983); Exparte Ellison, 410 So.2d 130 (Ala. 1982); Ex parte Jacques,409 So.2d 885 (Ala. 1982); Summers v. State, 366 So.2d 336
(Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979).Trammell v. State, 420 So.2d 855 (Ala.Cr.App. 1982).
The evidence presented to this Court reveals that the petitioner has failed to establish any reason for impeaching the original judgment of conviction. The judgment of the Court below is, therefore, due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 978