ON REHEARING
TYSON, Judge.
Thomas Dewey Lambert appeals from the denial of his coram nobis petition by the Circuit Court of Jefferson County, Alabama, without conducting a hearing thereon. This court affirmed this cause on January 7,1986, without issuing a formal opinion thereon, 486 So.2d 523 (1986).
On rehearing, the appellant contends that three issues were not properly considered by the trial court and has filed a petition under Rule 39(k) A.R.A.P., pro se, requesting a formal opinion of this court.
*91 Lambert was initially charged with receiving stolen property in excess of $5,000.00, including a .38 caliber pistol, several silver spoons, a silver belt buckle and a coin collection of several thousand dollars’ value, the property of one Carl N. Kennedy, contrary to § 13A-8-17, Code of Alabama 1975, as amended.
The appellant, after conferring with counsel, entered a plea of guilty and was sentenced to 25 years’ imprisonment as punishment as a habitual felony offender. This 25 year sentence was ordered to run concurrently with three other cases which the appellant was then serving. He also had a conviction from Cullman County, Alabama and this was allowed to run concurrently with this sentence.
The record in this cause contains an “Ireland Form” signed by the appellant after going over his constitutional rights with trial counsel. See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971). Also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973). The appellant did not appeal from his original guilty plea conviction.
In the present coram nobis petition the appellant averred that his initial trial counsel did not adequately and effectively represent him, that he was threatened and coerced into entering his plea of guilty and that there was an illegal search and seizure of properties within the apartment dwelling where the missing coin collection was found and that trial counsel had failed to subpoena witnesses in his behalf.
I
In denying this petition, the trial court entered its order dated April 19, 1985 and stated as follows:
“This the 19th day of April, 1985, the defendant having filed for the second time a Petition for Writ of Error Coram Nobis, whereby the defendant alleges (1) illegal search and seizure, (2) involuntary plea and (3) ineffective assistance of counsel. The defendant has pleaded guilty to the offense charged in the indictment which is the lesser included offense of Receiving Stolen Property Second Degree. The defendant has waived his collateral attack on illegal search and seizure as to the voluntary aspect of the defendant’s plea, the defendant executed an exhibit A and the Court inquired into the understanding of the defendant about the plea which he was about to enter into with the State. Moreover, his charge was reduced to a Class C felony and the defendant is familiar with the Court’s system by virtue his other cases. This Petition for Writ of Error Coram Nobis being duly considered by the Court, it is ordered, adjudged and decreed by the Court that said Petition be and the same is hereby denied.”
The records of the trial court contain a properly executed “Ireland Form” which is identified as Exhibit A and the trial court conducted a proper Boykin v. Alabama colloquy inquiring into the voluntariness of the guilty plea.
Moreover, the charge resulting in this conviction had been reduced to a Class C felony and the appellant was allowed to have this sentence run concurrently with other sentences which the appellant was then serving.
Moreover, the trial court noted that this was the second petition for writ of error coram nobis averring the same grounds and that the initial coram nobis petition had been denied and had not been appealed to this court.
In view of the trial court’s findings, this court is of the opinion that the denial of the coram nobis petition on the basis set forth was entirely proper. Roberson v. State, 441 So.2d 1067 (Ala.Crim.App.1983); Browning v. State, 465 So.2d 1208 (Ala.Crim.App.1985).
There is nothing in this record to indicate that petitioner’s counsel was inadequate in a legal sense. His counsel was prepared for trial and discussed the various possibilities with the appellant before appellant entered his plea of guilty. Therefore, the appellant has failed to prove that he was *92 denied the effective assistance of counsel or that he was prejudiced by his attorney’s performance. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Duncan v. State, 461 So.2d 906 (Ala.Crim.App.1984); Daniel v. State, 459 So.2d 948 (Ala.1984); Carter v. State, 473 So.2d 668 (Ala.Crim.App.1985).
For the reasons herein stated, this cause is due to be and the same is, hereby, affirmed.
APPLICATION FOR REHEARING OVERRULED, OPINION ISSUED. AFFIRMED.
All the Judges concur.