ON RETURN TO REMAND
TAYLOR, Judge.
We found it necessary to remand this case to the circuit court for a hearing on the petition for writ of error coram nobis, because of the allegation of ineffective assistance of counsel, 499 So.2d 819. The office of the writ of error coram nobis is to bring to the attention of the court an error of fact not appearing on the face of the record, which was unknown to the court or to the party affected, and which, if known in time, would have prevented the judgment of conviction. Carter v. State, 473 So.2d 668 (Ala.Cr.App.1985). None of the issues raised by Eason, other than ineffective assistance of counsel, meets the test of Carter, supra.
Eason’s allegation of counsel’s ineffectiveness is that, he contends, counsel urged him to testify. Had he not testified, he says, the result in his case might have been different. Both he and his trial counsel testified at the coram nobis hearing. He was accused of raping a woman. During the rape, the woman stabbed him. Thereafter, he took the weapon, chased her down, and cut her. As in the case of most sex crimes, no one else was present. The only testimony regarding the occurrence was the testimony of the victim. Had the appellant not testified, the evidence of the victim in the case would have been uncon-tradicted: that he committed the acts complained of. He did not, therefore, hurt himself by testifying, although his testimony was not believed and, indeed, was not believable. This was not a case of ineffective assistance of counsel. The advice was sound. The standard for ineffective assistance set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1974), was not met. The judge considering the coram nobis petition must also be convinced of the truthfulness and accuracy of the testimony regarding the allegations before he would be authorized to grant the petition. Bibby v. State, 394 So.2d 73 (Ala.Cr.App.1980), cert. denied, 394 So.2d 76 (Ala.1981). Obviously, the court saw that without the testimony of the accused, the case was lost. Nothing more was lost by the accused’s taking the stand. His counsel gave good advice when he told him that if the evidence was left in the posture it was in, he would be convicted unless the jury totally disregarded the evidence. This case is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.