Eric Conrad Davidson was indicted for burglary in the second degree, in violation of § 13A-7-6, Code of Alabama (1975). The jury found the appellant guilty of burglary in the third degree. The appellant was sentenced to 55 years' imprisonment in the penitentiary.
On December 16, 1986, Charles E. Townsend and his wife, Norma Townsend, returned home from work and found that their residence at 317 Tenth Court West in Birmingham, Alabama, had been broken into and ransacked. Eric Conrad Davidson was subsequently arrested and charged with the burglary.
 I
The appellant, Davidson, contends that he was punished by the trial court for exercising his constitutionally guaranteed right to a jury trial. Specifically, the appellant argues that he was sentenced to serve 55 years for his conviction for third degree burglary because he chose not to plead guilty, but rather maintained his innocence and had his case tried before a jury.
We are unable to address this contention at this time because it is unclear from the record under which statute the appellant *Page 815 
was sentenced. The appellant received a 55-year sentence for his conviction of burglary in the third degree which is a class C felony. The range of punishment for conviction of class C felony is "not more than 10 years or less than 1 year and 1 day." Section 13A-5-6, Code of Alabama (1975).
However, under the Habitual Felony Offender Act, the range of punishment for a class C felony with two prior convictions is from 10 to 99 years, or life. Section 13A-5-9, Code of Alabama (1975).
Although the record seems to indicate that there was an understanding that the appellant was sentenced as a habitual felon, there is no evidence contained in the record that the sentencing hearing was conducted pursuant to Rule 6(b)(3) of the Alabama Temporary Rules of Criminal Procedure.
The record indicates that during a pretrial discussion concerning settlement of the case, the appellant's prior record was mentioned. This discussion, however, does not contain proof of his prior record.
The record does not disclose that the appellant received notice that the State intended to proceed under the Habitual Felony Offender Act. Furthermore, the State did not present proof of any prior convictions at the sentencing hearing, nor did the appellant admit any.
The State admits these facts in its brief and requests a new sentencing hearing. Thus, before we can address this issue raised on appeal, this cause must be remanded to the trial court for a new sentencing hearing. See Smith v. State,471 So.2d 501 (Ala.Cr.App. 1984).
REVERSED AND REMANDED FOR A NEW SENTENCING HEARING.
All the Judges concur.
 ON MOTION TO DISMISS