564 So.2d 1043 (1990)
Lonnie Fred SPINKS, Jr.
v.
STATE.
7 Div. 349.
Court of Criminal Appeals of Alabama.
April 27, 1990.
Rehearing Denied June 15, 1990.
*1044 Robert L. Williams, Jr., Birmingham, for appellant.
Don Siegelman, Atty. Gen., and Margaret S. Childers, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Lonnie Fred Spinks, Jr., the appellant, was indicted for the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." The trial judge sentenced him to 20 years' imprisonment, plus 5 years to be served without possibility of parole, in accordance with the enhancement statute, § 13A-12-250, Code of Alabama 1975 (Supp.1989). The trial judge also fined the appellant $10,000.
During 1988 and 1989, Richard Smith, an investigator with the Anniston, Alabama, police department, was assigned to the Calhoun County Task Force. The Task Force was an organization of the law enforcement agencies in Calhoun County, Alabama, designed to combat the drug problems in that county.
Through the Task Force, Smith came in contact with Sebastian Floyd, a military policeman from the Central Intelligence Division at Ft. McClellan Army Base. Floyd worked with the force to assist in the purchase of drugs from suspected drug dealers in Calhoun County.
In working with the force, Floyd was introduced to Bernard Nobles, an informant. Nobles had received information, and forwarded this to Smith, that an individual known only as Punkin or Pumpkin was selling drugs out of a house at 1441 Bancroft in Anniston, Alabama.
On July 26, 1988, Nobles and Floyd went to this house on Bancroft. Several people were standing outside the house, and Floyd asked where he could find Punkin. One of the men in the yard instructed Floyd to go to the side of the house.
Floyd and Nobles walked to the side of the house. Floyd testified that he saw two men standing on some steps leading up to a door on the side of the house. One of the men gave the other some money. The man who took the money gave the other man *1045 something in return, but Floyd could not tell what it was.
Floyd asked the man who received the money if he was "straight," which is drug jargon that indicates if a person is possessing drugs. The man, who was identified as Punkin, responded, "Yes. How much do you want?" (R. 91.) Floyd told Punkin that he wanted two "quarter bags" (meaning a quarter of a gram quantity). Floyd and Nobles then gave Punkin $25 each. Punkin left the room but soon returned and gave Nobles two brown packets.
Nobles handed the brown packets to Floyd. Floyd in turn, gave the packets to Smith, who delivered the packets to the Department of Forensic Sciences. The contents of the packets were analyzed by Ronald Hubbard, a criminalist and drug chemist with the department. Hubbard testified that one packet contained 0.354 gram of cocaine, and the other packet contained 0.370 gram of cocaine.
After the sale was consummated, Nobles and Floyd returned to the Task Force office. There, they met with Smith and, separately, told Smith their version of this buy and gave a description of Punkin.
Floyd also testified that Smith showed him a photographic lineup which contained several photographs of black males, including the appellant. Floyd instantly identified one of the photographs as being a photograph of Punkin. Smith told Floyd that the photograph was of Lonnie Spinks, Jr. (this appellant).

I
The appellant first contends that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution.
Our review of a claim of ineffective assistance of counsel is based on the two-pronged test in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Proof of the first prong requires a showing by the appellant "that his counsel's representation fell below an objective standard of reasonableness." Proof of the second prong requires a showing that, because of his counsel's unreasonable conduct, he was prejudiced at trial. Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). In order to satisfy the latter prong, prejudice, the appellant must prove that, but for his counsel's ineffectiveness, the outcome of his trial would have been different. Lawley, 512 So.2d at 1372. See also Ex parte Daniel, 459 So.2d 948 (Ala.1984); Ex parte Baldwin, 456 So.2d 129 (Ala.1984), aff'd, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985).

A
The appellant argues that his counsel at trial, Donald Stewart, failed to discover certain relevant information before trial. Specifically, the appellant claims that Stewart should have discovered: (1) the identity of an informant who was present at the time of the sale of drugs; (2) the substance of statements allegedly made by the appellant at the time of the sale; and (3) the fact that Sebastian Floyd used a photographic lineup to identify the appellant after the drug sale on July 26, 1988.

B
The appellant also claims that Stewart's actions were unreasonable because, upon learning of the existence of this evidence, he should have timely and effectively moved to have these items of evidence excluded.
First of all, we note that Stewart did file a discovery motion, and the trial judge entered an order in accord with this motion. During the hearing on the appellant's motion for a new trial, Stewart testified that he was never told that there was a third person present during the transaction, nor was he informed of a photographic lineup. Stewart stated that he was given everything he thought the State had.
An attorney cannot be faulted for failing to discover something he did not know existed, unless the evidence is something which he reasonably should have discovered. The appellant has wholly failed to show that Stewart could have or should *1046 have discovered the existence of the evidence at issue.
Furthermore, the record reveals that Stewart zealously attempted to keep the photographic lineup and any testimony based thereon excluded from evidence. He objected to its admission and conducted voir dire examination of the State's main witnesses to prove a tainted identification process.
As for the informant, Stewart attempted to ascertain his whereabouts by questioning the State's witnesses, none of whom had seen or heard from the informant in some time. However, even had Stewart known where to find the informant, he made it clear that he would not have called the informant to testify. This was most likely a wise strategical move, since testimony at trial established that the informant knew the appellant as Punkin, and the appellant himself admitted that his nickname was Punkin. See Carter v. State, 473 So.2d 668, 670 (Ala.Cr.App.1985) (defense counsel not ineffective for failing to call witnesses whom he did not learn about until after trial); Luke v. State, 484 So.2d 531, 533-35 (Ala.Cr.App.1985) (no prejudice to appellant where defense counsel fails to call a hostile witness to testify).
In Woodyard v. State, 428 So.2d 136, 138 (Ala.Cr.App.1982), aff'd, 428 So.2d 138 (Ala.), cert. denied, 462 U.S. 1136, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983), we addressed this issue under a very similar fact situation. In Woodyard, an undercover police officer bought drugs from the appellant. The appellant, at trial, simply denied the sale. On appeal, the appellant alleged inadequate representation because his counsel failed to move to have certain harmful evidence excluded. Under these facts, we held that the jury obviously chose to believe the police officer and not the appellant, and, thus, that the appellant had failed to prove that he was prejudiced. See Hope v. State, 476 So.2d 635 (Ala.Cr.App. 1985).
The facts in the cause sub judice differ very little. As in Woodyard, this appellant has failed to prove prejudice. See Jackson v. State, 501 So.2d 542, 546-47 (Ala.Cr.App. 1986), cert. denied, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 746 (1987) ("[e]ffective counsel does not mean errorless counsel or counsel that objected every time he `probably should have'"); McKinnis v. State, 392 So.2d 1266, 1269 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1270 (Ala.1981) ("defense counsel need not possess `druidic magical powers to produce an acquittal'").
As for the appellant's claim that his counsel should have discovered certain statements allegedly made by the appellant and that his counsel should have moved to exclude those statements at trial, we note that this issue was never presented to the trial court. All grounds of objection not raised at trial are deemed waived. Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App. 1984).

C
The appellant also contends that his trial counsel was ineffective because he failed to adequately explain all of the sentencing options available.
In addition to this case, the appellant had three other drug charges pending against him. Both before and during trial, the district attorney and defense counsel discussed a possible plea bargain. The district attorney offered the appellant four ten-year sentences, to run concurrently, and he agreed to waive the application of the statute providing for a mandatory five-year sentence. Ala.Code § 13A-12-250 (1975) (Supp.1989).
Stewart testified at the hearing on the motion for a new trial that he discussed the deal with the appellant on more than one occasion. He told the appellant that, as a rule-of-thumb, he would be eligible for parole in about one-third of the time.
The appellant also testified at this hearing. He stated that Stewart told him about the ten-year settlement, but that he (appellant) did not understand what "concurrent" meant. He said he understood Stewart to say that he would have to serve "ten years straight up, day for day." (R. 404.)
The appellant also admitted that Stewart showed him the five-year mandatory enhancement *1047 statute and told him that the State might try and apply it to him. He claimed, however, that Stewart did not think that they could lose the case. For this reason, he said he told Stewart to reject the offer. He claims that, had he understood his options, he would have accepted the deal, even though he maintained his innocence.
Stewart disagreed with the appellant in all material respects. Stewart stated that he told the appellant that, if he were convicted, the judge could sentence him to a term from two to twenty years, plus five years under the enhancement statute. He admitted, too, that, based on his experience with similar cases, he did not believe that the appellant would receive a 25-year sentence. He did, however, say that he conveyed to the appellant that the trial judge was tough on sentencing.
Furthermore, Stewart testified:
"And I must say this. He told me he wasn't guilty of what he was charged with on each case, and I communicated that to you and I communicated that to the Court. I feel very strongly, as a defense attorney, that if a person is not guilty and he claims he's not guilty, that weighs heavily on my decision and the way I approach it, but I did communicate to him every time you made the offer. I explained to him the five years and what that meant. Now, that was a day-for-day sentence, as I understood it. That was without probation and without parole. That was on top of what he would get if he was found guilty in this case, and I communicated that to Mr. Spinks and explained that to him, and that's where the mix-up may have come in the communication, but I never said the ten years was day for day." (R. 441-42.)
The trial judge obviously believed Stewart's account of the conversation with his client, the appellant, since the judge denied the appellant's motion for a new trial.
We find no basis to hold otherwise. The appellant has failed to show that Stewart's representation fell below the required objective standard of reasonableness. Strickland.

II
After the jury returned its verdict, the State noted on the record that it intended to seek an enhanced sentence, pursuant to § 13A-12-250, Code of Alabama 1975 (Supp.1989). This code section provides:
"In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
This enhancement provision originally appeared at § 20-2-79, Code of Alabama 1975. The language of that Code section was identical to the current language, quoted above, except that it applied only to drug sales within "one mile" of a school. Effective September 30, 1988, this statute was transferred to title 13A of the Alabama Code. Then, in 1989, it was amended, replacing "one-mile radius" with the current language, "three-mile radius."
The appellant now challenges the current amended version. He argues that application of the statute is unconstitutional, because, he says, the "three-mile radius" is arbitrary and capricious.
We, however, do not need to address the merits of the appellant's claim, since the trial court improperly applied the amended version of this statute to the appellant during sentencing.
An editor's note following § 13A-12-250 states that the statute was amended in 1989, "effective May 19, 1987." The "1987" is obviously a typographical error. This date is not consistent with the act of the legislature. Act No. 89-950, 1989 Ala. Acts. Section 2 of that act states that the act was to be become effective on the date it was approved. The amendment was approved on May 19, 1989.
*1048 The sale of drugs in this case occurred in July 1988. At that time, § 20-2-79 was the applicable enhancement statute. This statute differed from the current amended version of § 13A-12-250 in only one respect. It applied only to drug transactions within one mile of a school. The amended version extends the zone to three miles. Both versions of the statute provide for a mandatory five-year sentence to be tacked onto the sentences given for convictions of certain drug offenses.
Therefore, the applicable sentencing statute is § 20-2-79. See Ex parte Jefferson, 473 So.2d 1110, 1111 n. 1 (Ala.1985), cert. denied, 479 U.S. 922, 107 S.Ct. 328, 93 L.Ed.2d 300 (1986). The constitutionality of this section has previously been determined by this court. See Wright v. State, 560 So.2d 1128 (Ala.Cr.App.1989); Harrison v. State, 560 So.2d 1124 (Ala.Cr.App. 1989).
In its attempt to prove the applicability of the enhancement statute, the State offered testimony by two witnesses at the sentencing hearing that 1441 Bancroft was within one mile of the nearest school, Randolph Park School. Charles Winfrey, an investigator with the Calhoun County district attorney's office, measured the distance and found it to be 0.3 mile. Mike Freeman, a state probation and parole officer who was assigned this case, also measured the distance. He found it to be 0.4 miles from the front door at 1441 Bancroft to the front door of Randolph Park School.
Thus, if § 20-2-79 had been properly applied, sentencing the appellant to an additional five years would have been proper. As a result, we are not required to remand this cause, since a sentence in accord with § 20-2-79 would be no different from the sentence which was imposed in this case. See Ex parte Yeung, 489 So.2d 1106, 1110 (Ala.1986) (original and ultimate sentences were both 25 years; thus, error was harmless). Cf. Bighames v. State, 440 So.2d 1231, 1234 (Ala.Cr.App.1983) ("[a] trial court will not be placed in error for assigning the wrong reason for the proper ruling, if that ruling is correct for any reason").
For the reasons stated, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

ON APPLICATION FOR REHEARING
TYSON, Judge.
The State of Alabama has filed with this court an application for rehearing. In its application, the State urges this court, on the authority of Harris v. Reed 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), to address all of the appellant's challenges to § 13A-12-250, Code of Alabama 1975. (Supp.1989).
In our opinion, we pointed out that § 13A-12-250 was misapplied by the trial judge but that his error was harmless since the sentence which should have been given per § 20-2-79, Code of Alabama 1975, would not have changed the sentence actually imposed upon this appellant, since both were five year enhancement statutes.
The other issues, as raised by the appellant, which the State urges us to address are as follows: (1) whether the State improperly sought to induce the appellant to plead guilty or to have § 13A-12-250 tacked onto his sentence at trial; (2) whether the trial judge abused his discretion by applying an allegedly unconstitutional statute, § 13A-12-250, and whether this court was precluded from addressing this issue since the presentence investigation report was not made a part of this record; and (3) whether the trial judge sentenced the appellant to 20 years plus 5 years enhancement under the mistaken belief that the maximum sentence should have been imposed for this conviction under § 13A-12-211, Code of Alabama 1975 (Supp.1989). This was not raised in the trial court. However, our opinion is that the appellant's sentence is correct.
Furthermore, we agree with the State that issues one and three, above, were never specifically raised in the trial court. Thus, these matters are deemed waived. *1049 Reeves v. State, 456 So.2d 1156, 1160 (Ala. Cr.App.1984).
As for issue two, above, there is no need for us to be concerned with the absence of the presentence investigation report in this case. It is well settled that § 20-2-79, the statute which should have been applied, is constitutional. See Wright v. State, 560 So.2d 1128 (Ala.Cr.App.1989), and Harrison v. State, 560 So.2d 1124 (Ala.Cr.App. 1989).
Our review of the trial court's application of the challenged enhancement provision is not changed by the absence of this presentence investigation report. We thus conclude that the trial judge did not abuse his discretion by adding an additional five years to this appellant's sentence.
For the reasons stated, this opinion is extended as herein set forth. The application for rehearing is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
AFFIRMED.
All the Judges concur.