Sherman Hardy was indicted for the unlawful distribution of a controlled substance in violation of Ala. Code 1975, §13A-12-211. He entered a "blind plea" of guilty to this charge and was subsequently sentenced to seven years' imprisonment. Of this sentence, five years with no probation was imposed pursuant to the "schoolyard enhancement" provision of Ala. Code 1975, § 13A-12-250. Three issues are raised in this appeal. Because we must remand this cause for a factual determination by the trial judge on one issue, we pretermit discussion of the remaining issues at this time.
Hardy contends that the trial court erred in applying Ala. Code 1975, § 13A-12-250, in determining his sentence. Section 13A-12-250 originally appeared as § 20-2-79, which provided:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no *Page 872 
provision for probation if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
Section 20-2-79 was transferred to § 13A-12-250, effective September 30, 1988. 1988 Ala. Acts 512, No. 88-918, § 2. Section § 13A-12-250 was subsequently amended and now mandates enhanced punishment for those who are convicted of selling controlled substances within a three-mile radius of a school. 1989 Ala. Acts 1872, No. 89-950, § 1. The three-mile radius amendment became effective on May 19, 1989. Spinks v. State,564 So.2d 1043, 1047 (Ala.Cr.App. 1990); Qualls v. State,555 So.2d 1158, 1164-65 (Ala.Cr.App. 1989). In Harrison v. State,560 So.2d 1124, 1128 (Ala.Cr.App. 1989), this Court upheld the constitutionality of the one-mile radius statute originally contained in § 20-2-79 and § 13A-12-250.
The record does not show when the instant offense occurred. However, Hardy was indicted in March 1989. Although Hardy pleaded guilty and was sentenced after the effective date of the three-mile radius amendment, it is apparent that the offense was committed while the one-mile radius statute was in effect, either under § 20-2-79 or as originally transferred to § 13A-12-250. Unless the statute contains a clear expression to the contrary, the law in effect at the time of the commission of the offense "govern[s] the offense, the offender, and all proceedings incident thereto." Bracewell v. State,401 So.2d 123, 124 (Ala. 1979), cert. denied, 469 U.S. 980,105 S.Ct. 382, 83 L.Ed.2d 318 (1984). See also, Spinks v. State,564 So.2d at 1047-48 (applying § 20-2-79 to an offense which occurred in July 1988).
However, the record is unclear as to which version of the enhancement statute (one-mile radius or three-mile radius) the trial court applied in sentencing Hardy. The record contains no transcript of the actual proceedings at sentencing. The record does not show that Hardy committed the offense within a one-mile radius of a school. If he was not within a one-mile radius, the enhancement provision, as then in effect, would not apply. Therefore, we remand this cause to the circuit court for a determination of whether Hardy was, in fact, within the specified one-mile radius. See Davidson v. State, 540 So.2d 814
(Ala.Cr.App. 1988) (remanding cause for determination by trial court where record was unclear whether defendant was sentenced as a habitual offender). Compare Spinks v. State,564 So.2d at 1048 (remand not necessary where trial court erroneously applied three-mile radius of amended § 13A-12-250, but evidence showed that defendant was within a one-mile radius).
We remand this cause to the trial court with instructions to determine, based upon the proceedings at the original sentencing, whether the offense of which Hardy was convicted occurred within a one-mile radius of a school and to make written findings of fact with regard to this determination. If Hardy was within a one-mile radius of a school at the time of the drug sale, his sentence shall stand as originally imposed. If he was not within a one-mile radius of a school, the trial court is directed to conduct a new sentencing hearing and resentence Hardy without applying § 13A-12-250. A return reflecting these actions, including the findings of the trial court, shall be filed with this Court.
REMANDED WITH DIRECTIONS.
All Judges concur.