The appellant, Willard Earl Lewis, was indicted for burglary in the second degree, a violation of § 13A-7-6, Code of Alabama 1975. A jury found Lewis guilty as charged in the indictment, and the trial court sentenced him to 20 years in prison. He appeals.
 I
On appeal, Lewis first contends that the evidence presented by the State was insufficient to support a conviction of second degree burglary. Lewis was indicted on a charge of burglary in the second degree pursuant to § 13A-7-6(b), Code of Alabama 1975, which reads as follows: "[A] person commits the crime of burglary in the second degree if he unlawfully enters a lawfully *Page 185 
occupied dwelling-house with intent to commit a theft or a felony therein."
Briefly, the facts adduced at trial tended to show the following. Lewis's mother and elderly grandmother were the victims in this case. They testified that at the time of the offense they were living together in an apartment in Opelika. Lewis's grandmother, Claudie Calloway, testified that on May 2, 1993, her grandson cut a screen in a door to get into the apartment and once inside told her he "needed some damn money." She said she told him that she only had enough money to pay the rent, so he took the money — $40 — from her pocket. Ms. Calloway testified that Lewis threatened to kill her and her daughter, Claudie Mae Daniels, who is Lewis's mother.
Mrs. Daniels testified that Lewis cut the screen door to get to the inner door. The testimony is unclear as to whether Lewis used the knife with which he had cut the screen to unlock the door or whether he used a key that was kept in the door to unlock it. According to both women, Lewis entered the house without permission, and told Ms. Calloway and Ms. Daniels to give him money because he needed to buy a lawn mower. Ms. Daniels testified that Lewis took $25 from her purse, which was lying on the bed, and then slapped her and twisted her arm, telling her he should break her arm.
This evidence alone was sufficient for the State to establish that Lewis entered a lawfully occupied dwelling with the intent to commit a crime, i.e., theft, while in the dwelling. Lewis's argument in his brief to this court questions the credibility of the victims, and pits their testimony against his. Therefore, rather than arguing the sufficiency of the evidence, Lewis really argues the weight of the evidence. See Zumbado v.State, 615 So.2d 1223, 1240-41 (Ala.Cr.App. 1993).
The record shows that at the close of the State's case, Lewis moved for a judgment of acquittal or for a directed verdict; however, he did not state any grounds in support of his motion. "The issue of the weight of the evidence is preserved by a motion for a new trial, stating 'that the verdict is contrary to law or the weight of the evidence.' See A.R.Crim.P. 24.1(c)(1)." Zumbado, supra If no grounds are stated in a motion for a judgment of acquittal, then no issue is preserved for review. Id. Because Lewis failed to state any grounds supporting his motion for a judgment of acquittal, he failed to preserve this issue for this court's review, and this issue is therefore procedurally barred.
 II
Lewis also argues that the trial court erred in denying his requested jury charges dealing with mental disease or defect and what he says is the lesser included offense of third degree burglary. The record shows that during the charging conference, the trial judge said that he was not going to give the defense's requested charge on mental disease or defect, and that he would not charge the jury on burglary in the third degree as a lesser included offense. Defense counsel objected as follows:
 "Now, judge, we've got a — we would take exception to the court's not charging on burglary in the third degree as a lesser included."
At the close of the trial court's oral charge to the jury, defense counsel said:
 "Take exception to not being charged on defendant's jury charge request number one [mental disease or defect] and number four [burglary in the third degree as lesser included offense]."
"[I]n order for the issue of the court's failure to give a requested jury charge to be preserved, the appellant must give the reasons for his objection, as required by Rule 14 [ A.R.Crim.P.]." Kinder v. State, 515 So.2d 55, 62
(Ala.Crim.App. 1986). A general objection to the court's refusal of the charges is not sufficient. Id.
In this case, defense counsel stated no specific grounds for his objection to the trial court's refusal to give the two requested charges at issue here; therefore, this issue is not preserved for our review.
 III
Lewis also argues that the State violated Batson v. Kentucky,476 U.S. 79, *Page 186 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by using its peremptory strikes in a racially discriminatory manner. In his brief to this court, he maintains that the trial court erred in denying his Batson challenge in light of the State's use of its peremptory challenges to remove two-thirds of the black males on the venire.
The record shows that 3 black men were on the venire. The State struck 2 of the 3. Defense counsel made a Batson
challenge, and the trial court asked the State to give its reasons for its strikes. The prosecutor said that one of the struck jurors had a prior shoplifting conviction, and he did not seem to understand questions posed by her during voir dire. The prosecutor said that her reason for striking the other juror was that he said that he would not be paid at work if he had to serve on jury duty and that he did not want to serve. The judge refused to excuse him, and the prosecutor believed that he was on the venire against his will. The trial court found that those were race-neutral reasons and denied Lewis'sBatson challenge.
Both prior criminal activity and a venire-member's desire not to serve on the jury have been held to be race-neutral reasons for strikes. Stephens v. State, 580 So.2d 11, 19
(Ala.Crim.App. 1990). "It is within the sound discretion of the trial court to determine if the State's peremptory challenges of black jurors are motivated by intentional racial discrimination." Mitchell v. State, 579 So.2d 45
(Ala.Crim.App. 1991); Ex parte Jackson, 516 So.2d 768 (Ala. 1986). Because the State's explanations for its strikes have been held to be race-neutral, we hold the trial court did not abuse its discretion in denying Lewis's Batson challenge.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.