James Michael White appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1999 conviction for capital murder and his resulting sentence of life imprisonment without the possibility of parole. This Court affirmed White's conviction and sentence on appeal in an unpublished memorandum issued on January 12, 2001. See Whitev. State (No. CR-99-0614), 821 So.2d 1029
(Ala.Crim.App. 2001) (table). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on June 29, 2001.
White filed this, his second, Rule 32 petition on June 9, 2006. In his petition, White alleged that he was entitled to relief from his conviction because, he said, the self-defense statute, § 13A-3-23, Ala. Code 1975, was amended effective June 1, 2006, see Act No. 2006-303, Ala. Acts 2006, and that under the new statute his actions in committing the offense were justifiable. He argued that, pursuant to Teague v.Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the amendment to § 13A-3-23 applies retroactively to his case. Without receiving a response from the State, the circuit court summarily denied White's petition on June 23, 2006, finding that the amendment to § 13A-3-23 does not apply retroactively. We agree with the circuit court.
Initially, we note that White's reliance on Teague is misplaced. In Teague, the United States Supreme Court held that "new constitutional rules of criminalprocedure will not be applicable to those cases which have become final before the new rules are announced" unless they fall within one of two exceptions.[1] 489 U.S. at 310,109 S.Ct. 1060 (emphasis added). However, *Page 785 
the amendment to § 13A-3-23, Ala. Code 1975, is not a new constitutional rule of criminal procedure, but is a legislative amendment to the substantive definition of the affirmative defense of self-defense. Therefore, Teague is inapplicable here.
It is well settled that "[u]nless the statute contains a clear expression to the contrary, the law in effect at the time of the commission of the offense `govern[s] the offense, the offender, and all proceedings incident thereto.'" Hardy v. State,570 So.2d 871, 872 (Ala.Crim.App. 1990), quoting Bracewell v.State, 401 So.2d 123, 124 (Ala. 1979). "In Alabama, retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively." Jones v. Casey, 445 So.2d 873, 875
(Ala. 1983). Generally, "`statutes are to be considered prospective, unless the language is such as to show that they were intended to be retrospective.'" Baker v. Baxley,348 So.2d 468, 471 (Ala. 1977), quoting Mobile Housing Bd. v.Cross, 285 Ala. 94, 229 So.2d 485, 487 (1969). "This general rule is, however, subject to an equally well-established exception, namely, that `[r]emedial statutes . . . are not within the legal [concept] of "retrospective laws," . . . and do operate retroactively, in the absence of language clearly showing a contrary intention.'" Ex parteBonner, 676 So.2d 925, 926 (Ala. 1995), quoting Streetv. City of Anniston, 381 So.2d 26, 29 (Ala. 1980). In other words, "remedial legislation is generally applied retrospectively while substantive laws are limited to prospective application." State Home Builders Licensure Bd.v. Grzelak, 705 So.2d 406, 409 (Ala.Civ.App. 1997).
The self-defense statute is clearly substantive, not remedial.[2] Therefore, the amendment to § 13A-3-23
applies retroactively only if there is an express provision or clear legislative intent that it do so. We find no such provision or legislative intent. To the contrary, nothing in § 13A-3-23 or Act No. 2006-303, Ala. Acts 2006, specifically states that the amendment was to apply retroactively nor does anything in § 13A-3-23 or Act No. 2006-303 indicate an intent on the part of the legislature that the amendment apply retroactively. Accordingly, we hold that the amendment to § 13A-3-23 applies only to those crimes that occurred after June 1, 2006, its effective date. Because the amendment to § 13A-3-23 does not apply retroactively, the circuit court properly denied White's petition.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
[1] White argues that the amendment to § 13A-3-23 falls within the first of these exceptions.
[2] Remedial statutes are "those relating to remedies or modes of procedure, which do not create new rights or take away vested ones," Street, 381 So.2d at 29, "those `which impair no contract or vested right, and do not disturb past transactions, but preserve and enforce the right and heal defects in existing laws prescribing remedies,'" Jones, 445 So.2d at 875, quoting Dickson v. Alabama Mach. Supply Co., 18 Ala.App. 164, 165, 89 So. 843, 844(1921). *Page 786