SHAW, Judge.
The appellant, M.H., was convicted of one count of sodomy in the first degree, a violation of § 13A-6-63, Ala.Code 1975, and one count of sexual abuse in the first degree, a violation of § 13A-6-66, Ala. Code 1975.[1] He was sentenced to 30 years’ imprisonment for the sodomy conviction and to 20 years’ imprisonment for the sexual-abuse conviction, the sentences to run concurrently.
The evidence adduced at trial indicated that between January 1, 2001, and September 14, 2005, M.H. was living with his girlfriend, T.F., and her daughter, D.H., who was under 10 years old during that time. D.H. testified that when she was seven years old, M.H. “put his thing in [her] mouth” or “put his snake in [her] mouth” while the two of them were alone in T.F.’s bedroom. (R. 43.) D.H. further stated that, on a subsequent occasion, M.H. also touched “[her] private” in her bedroom. (R. 44.) According to D.H., in addition to the instances of abuse by M.H. that occurred in T.F.’s apartment, M.H. also sexually abused her while they were at the home of M.H.’s sister.
M.H. did not testify in his own defense at trial. He did, however, present character testimony from his sister, R.B., who had the opportunity to observe M.H. interacting with D.H. up to and including the month of July 2005. R.B. described those interactions as a “[flather and daughter relationship.” (R. 114.)
I.
On appeal, M.H. contends that the State’s evidence was insufficient to sustain his convictions. Specifically, M.H. asserts that the “sole evidence” of both sodomy in the first degree and sexual abuse in the first degree “is the uncorroborated testimony of [D.H.].” (M.H.’s brief at p. 23, 25.) He further argues that there was no corroborating physical or medical evidence to support D.H.’s testimony. M.H.’s challenge to the sufficiency of the State’s evi *44 dence, however, was not properly preserved for our review.
At the close of the State’s case, M.H.’s counsel moved for a judgment of acquittal, stating:
“[M.H.’s counsel]: Your Honor, on the motion for judgement of acquittal, I understand that the standard is that the evidence is viewed in the light most favorable to the State. Since there was testimony from the alleged victim I’ll rest on the record.”
(R. 107.) At the close of all the evidence, M.H.’s counsel again moved for a judgment of acquittal, stating that “[he] renewed] [his] motion for judgement of acquittal ... based on the record.” (R. 123.) The trial court denied both motions. M.H. did not challenge the sufficiency of the evidence in his postjudgment “Motion for Judgment of Acquittal After Verdict.” (C. 90-91.)[2]
“The sufficiency of the evidence is subject to appellate review only where the defendant challenges the State’s lack of evidence by either a motion to exclude, a motion for judgment of acquittal, or a motion for new trial. Slaughter v. State, 424 So.2d 1365 (Ala.Cr.App.1982); see Johnson v. State, 500 So.2d 69 (Ala.Cr.App.1986). The appellant is bound by the specific objections that he made at trial and cannot raise a new ground on appeal. Bolding v. State, 428 So.2d 187 (Ala.Cr.App.1983).”
Washington v. State, 555 So.2d 347, 348 (Ala.Crim.App.1989). “A general objection that does not specify any grounds generally will preserve nothing for review.” Schaefer v. State, 695 So.2d 656, 659-60 (Ala.Crim.App.1996).
“An appellant must provide specific grounds for his general objections at trial if he intends to appeal that issue. ‘A general objection that does not specify grounds preserves nothing for review.’ Landreth v. State, 600 So.2d 440, 447 (Ala.Cr.App.1992), Thompson v. State, 575 So.2d 1238 (Ala.Cr.App.1991). ‘A defendant is bound on appeal of a criminal prosecution by the grounds stated for the objection at trial,’ Lyde v. State, 605 So.2d 1255, 1258 (Ala.Cr.App.1992). Thus, ‘an objection without specifying a single ground is not sufficient to place the trial court in error for overruling such objection.’ Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App.1984).”
Capps v. State, 630 So.2d 486, 489-90 (Ala.Crim.App.1993). “If no grounds are stated in a motion for a judgment of acquittal, then no issue is preserved for review.” Lewis v. State, 659 So.2d 183, 185 (Ala.Crim.App.1994). Because M.H. stated no specific grounds in support of his motion for a judgment of acquittal in the trial court, this issue was not properly preserved for our review and will not be considered by this Court.[3]
II.
M.H. also argues on appeal that the trial court erred by denying his motion for a mistrial and his postjudgment motion for a judgment of acquittal because, he *45 says, the trial court erred in giving an Allen[4] or “dynamite” charge to the jury after the jury indicated that it was deadlocked.
The record reflects that, after approximately two hours of deliberation, the jury returned to the courtroom. At that time, the following occurred:
“THE COURT: Okay. Ladies and gentlemen, who’s the foreperson? Okay. You are Ms.—
“[P.H.]: [P.H.]
“THE COURT: — for the record? Okay, [P.H.], do you believe that further negotiations might be fruitful? That is, result in a unanimous verdict?
“[P.H.]: This evening?
“THE COURT: No, tomorrow?
“[P.H.]: I think they can work on it.
“THE COURT: Okay. Is that the general [consensus]?
“Juror: No, sir.
“THE COURT: No, it’s not?
“Juror: No.
“THE COURT: Y’all think y’all are hopelessly deadlocked]?
“Some Jurors: Yes, sir.
“THE COURT: You do?
“Some Jurors: Yeah.
“THE COURT: How many think you are hopelessly deadlocked]?
“Juror: I guess, probably we are.
“(Jurors raise hands.)
“THE COURT: Okay. Ten people think you are hopelessly deadlocked]. Okay.
“Let me speak to the lawyers over here for a second.
“(Off-the-record discussion.)
“THE COURT: I just want to know which sides?
“[P.H.]: 8 to 4.
“THE COURT: Is that on both charges?
“[P.H.]: Yes on both charges.
“THE COURT: On both.
“(Off-the-record discussion.)
“THE COURT: Okay, I need to get something on the record, ladies and gentlemen. I need y’all to go back there for one minute.
“(Whereupon, the jury leaves the courtroom and the following is heard with the defendant and all counsel present.)
“THE COURT: We have an 8 to 4 split. Which is almost, you know, almost about as close as you can get to down the middle. And they seem to be real adamant about it, [prosecutor]. And I don’t want to seem like I’m forcing them to deliberate.
“[Prosecutor]: Judge, but we haven’t even given them the Allen charge. Like, I would like for us to at least give them that. You know, just try everything before a mistrial is declared in this case.
“[M.H.’s counsel]: Judge, she is right about that. I mean, out of a sense of fairness they have not been given the Allen charge, but typically what happens is that they are given that before they are asked if they’re hopelessly deadlocked.
“THE COURT: Well, they volunteered to tell me they were hopelessly deadlocked.
“[M.H.’s counsel]: I’m not suggesting that the Court did anything inappropriate.
“THE COURT: I know you’re not. I’m just saying, you know, for the record, they volunteered. They told my *46 bailiff they were hopelessly deadlocked, and asked my bailiff to tell me. And that’s when I got all of you all together -
“[M.H.’s counsel]: I’m moving for a mistrial, Judge, I believe that further deliberations would be coercing.
“[Prosecutor]: Judge and I would ask that we at least give them an Allen charge, let them deliberate a little bit longer.
“THE COURT: ....
“Bring them out, [Bailiff].
“(Whereupon, the jury returns to the courtroom and the following is heard with the defendant and all counsel present.)
“THE COURT: Give this to her. Write in there the numbers for me.
“(Foreperson complies.)
“(Judge reviews document.)
“THE COURT: I really would hope that you all can reach a decision, one way or the other. It’s not a better group of 12 people in this county to decide this case. I mean, how am I going to find 12 better people to reach a verdict? I can’t do it. None of these people want to try this case again. And I really need y’all to search y’all’s hearts, and your minds, and the evidence, to try to reach a verdict in this case. A true verdict. That expresses what happened.
“I need you all to look to one question: whether the State has proved, beyond a reasonable doubt, based on the definition of reasonable doubt that I gave you, the defendant’s guilt. If you are convinced, beyond a reasonable doubt, that is, you have no reasonable doubt of the defendant’s guilt, you should convict him. If you do have a reasonable doubt, in that event you should acquit him.
“But you should — If you say that he is guilty, you should say, I believe that he’s guilty because of this, or this, or this. If you say, that I believe that he’s not guilty, you should say, I believe he’s not guilty because of this doubt, or that doubt.
“You just shouldn’t, you know, be stubborn one way or the other just for the sake of stubborn sense. You need to be able to articulate a reason either way. We don’t want to have to expend the resources of trying this case again, when we have many other cases that could be tried. No one wants that, neither side. We are here only for a search of justice. Bias, sympathy, for one or the other party should not play a role. But I really hate it, but I’m going to have to ask that y’all come back in the morning. Because you all have only deliberated for a couple of hours.
“And I really need y’all to do your best and try to reach a verdict. Listen to other people’s views. I’m not saying change your view just for the sake of changing it or to get a decision. But jury deliberations are by nature a give and take, and exchange of ideas, and a questioning of, you know, of facts, and, you know, that kind of intellectual discussion.
“With one thought in mind, one thought in mind, that the guilty do not escape justice, and that the innocent are not punished unfairly. That’s all we’re concerned about. So please, don’t let anything other than a sense of justice guide your deliberations in this case. Ask yourself, what is believable? What is truthful? And base your verdict on the evidence that you believe. Discard that which is unworthy of belief. Push that over to the side. And try to reach a verdict based upon the evidence in this case.
*47 “Serving on a jury, that’s a privilege, it’s an honor. And you have a deep responsibility, because you are speaking for the community now. And you have to use your education, your training, your life experiences about how things happen. And you have to do the things I talked to you about. Like judging credibility, and deciding whose testimony is worthy of belief and whose is not. Use the wisdom that you have gained in your lives.
“But for goodness sake, don’t let any bad considerations enter into the decision-making process that shouldn’t be there. This is about justice. And only you can decide what is justice in this case.
“And I remain firm that there is no better group of 12 folk in this county to decide this case than you all, because you all are a mixture of this county. And the different areas in this county. And it’s no better way to determine guilt or innocence than to have a cross section from the community here like we do.
“So I’m going to ask that you go home, and you get a good night’s rest, and you come back tomorrow morning, in the spirit of fulfilling your obligation as jurors in this case. And doing the best job that you can to try to reach a verdict in this case.
“Okay.
“Okay, you all are excused. Be back by a quarter till 9 in the morning.
“(Whereupon, the jury is released at 4:50 p.m. on February 8, 2007.)
“(Whereupon, the following is heard with the defendant and all counsel present.)
“THE COURT: That was my best impromptu Allen charge.
“[M.H.’s counsel]: Unfortunately, Judge, I’ve heard more than my share of them. I can say that that was about as expanded and eloquent [an] Allen charge as I’ve heard.
“THE COURT: Thank you.
“[M.H.’s counsel]: But I still stand on my motion for a mistrial.
“THE COURT: Well, you know, [the prosecutor] had a good point. You know, I’ll always try to remain open. You know, and if somebody can convince me, you know, otherwise, I’ll — you know I’ll listen. I’ve changed my mind your way on several occasions.
“So when she said, ‘Judge, they’ve only deliberated a couple hours,’ and I thought about that, and I said, well, she is correct. And if that will get us, you know, letting them deliberate some tomorrow. I mean, this is a Class A felony and it deserves more than a couple hour’s of deliberations and both of y’all have valid points over here and....
“My goal is just to try to do what’s right and, you know, do what I can to help us fairly get a verdict in this case. Because I know nobody wants to try it again needlessly. And then maybe tomorrow I have to grant a mistrial. But let’s make sure that we’ve done everything that we can. To try to get a verdict. One way or the other. And I had them to, you know, let me know what the split was. And it doesn’t seem like it’s that far away from being unanimous.”
(R. 141-50.) Following the trial court’s Allen charge, the jurors were released for the day. Approximately 2 hours and 40 minutes after resuming its deliberations the following morning, the jury returned guilty verdicts as to both charges against M.H.
In Maxwell v. State, 828 So.2d 347 (Ala.Crim.App.2000), this Court discussed the issue of an Allen charge:
*48 “ ‘ “ ‘The general rule in Alabama has been that it is not improper for the trial court to urge upon the jury the duty of attempting to reach an agreement or verdict as long as the judge does not suggest which way the verdict should be returned.’ ” King v. State, 574 So.2d 921, 927-28 (Ala.Cr.App.1990), quoting McMorris v. State, 394 So.2d 392 (Ala.Cr.App.1980), cert. denied, 394 So.2d 404 (Ala.1981), cert. denied, 452 U.S. 972, 101 S.Ct. 3127, 69 L.Ed.2d 983 (1981). An Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), charge, also known as a “dynamite charge,” is permissible if the language of the charge is not coercive or threatening. Grayson v. State, 611 So.2d 422, 425 (Ala.Cr.App.1992); King v. State, 574 So.2d at 928.’
“Gwarjanski v. State, 700 So.2d 357, 360 (Ala.Cr.App.1997). Further, ‘[wjhether an “Allen charge” is coercive must be evaluated in the “whole context” of the case.’ Miller v. State, 645 So.2d 363, 366 (Ala.Cr.App.1994).”
828 So.2d at 365. “ ‘The Supreme Court and this court have held on numerous occasions that the “Allen” or “dynamite charge” is not error unless the language used is threatening or coercive.’ ” Miller v. State, 645 So.2d 363, 366 (Ala.Crim.App.1994), quoting Grayson v. State, 611 So.2d 422, 425 (Ala.Crim.App.1992).
We have reviewed the trial court’s Allen charge, as set out above, in the context of the entire case, and we conclude that neither the giving of the charge nor the language in the charge itself was coercive. Indeed, as noted by M.H.’s counsel at trial, the court’s charge was “expanded and eloquent.” (R. 149.)
We are also unpersuaded by M.H.’s argument that, because the trial court was aware of the deadlocked status of the jury as well as the numerical division of the jury, the Allen charge was inappropriate. Throughout the trial court’s Allen charge and in the court’s interaction with the jury, there was no reference by the court to the numerical division of the jury vote and no implication by the court, through words or conduct, that the court expected the jury to return a verdict, much less a certain verdict. See, e.g., Channell v. State, 477 So.2d 522, 531 (Ala.Crim.App.1985). Therefore, we find no error in the trial court’s giving the Allen charge or in the trial court’s denying M.H.’s motion for a mistrial on this ground.
III.
Although not argued by M.H. or the State, we find that M.H.’s 20-year sentence for his conviction for first-degree sexual abuse is illegal. “Matters concerning unauthorized sentences are jurisdictional,” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).
At the time of the crimes in this case, § 13A-6-66, Ala.Code 1975, provided, in pertinent part:
“(a) A person commits the crime of sexual abuse in the first degree if:
“(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.
“(b) Sexual abuse in the first degree is a Class C felony.”
Effective July 1, 2006, § 13A-6-66 was amended to remove subsection (a)(3), the subsection under which M.H. was convicted. See Act No. 2006-575, Ala. Acts 2006. Section 13A-6-69.1, Ala.Code 1975, was enacted by the same act and contains comparable language to the language previous *49 ly in § 13A-6-66(a)(3); § 13A-6-69.1(b), Ala.Code 1975, makes the sexual abuse of a child under 12 years old a Class B felony.
“It is well settled that the law in effect at the time of the commission of the offense controls the prosecution.” Minnifield v. State, 941 So.2d 1000, 1001 (Ala.Crim.App.2005). See also Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990) (“A defendant’s sentence is determined by the law in effect at the time of the commission of the offense.”); Hardy v. State, 570 So.2d 871 (Ala.Crim.App.1990) (unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense); and Jefferson v. City of Birmingham, 399 So.2d 932 (Ala.Crim.App.1981) (law in effect at the time of the offense governs prosecution). “ ‘As a general rule, a criminal offender must be sentenced pursuant to the statute in effect at the time of the commission of the offense, at least in the absence of an expression of intent by the legislature to make the new statute applicable to previously committed crimes.’ ” Zimmerman v. State, 838 So.2d 404, 406 n. 1 (Ala.Crim.App.2001), quoting 24 C.J.S. Criminal Law § 1462 (1989). As this Court explained in White v. State, 992 So.2d 783 (Ala.Crim.App.2007):
“It is well settled that ‘[ujnless the statute contains a clear expression to the contrary, the law in effect at the time of the commission of the offense “govern[s] the offense, the offender, and all proceedings incident thereto.” ’ Hardy v. State, 570 So.2d 871, 872 (Ala.Crim.App.1990), quoting Bracewell v. State, 401 So.2d 123, 124 (Ala.1979). ‘In Alabama, retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.’ Jones v. Casey, 445 So.2d 873, 875 (Ala.1983).”
992 So.2d at 785. We have reviewed Act No. 2006-575, Ala. Acts 2006, and § 13A-6-69.1, Ala.Code 1975, and there is no express statement that § 13A-6-69.1 apply retroactively, nor can we find any indication that the legislature intended that § 13A-6-69.1 apply retroactively. Therefore, § 13A-6-69.1 applies only to those crimes that occurred after July 1, 2006, its effective date.
Because § 13A-6-69.1 does not apply to crimes that occurred before July 1, 2006, it does not apply to M.H., who committed the sexual abuse between 2001 and 2005. Rather, § 13A-6-66 applies to M.H.’s sexual-abuse conviction, making his conviction a Class C felony. Section 13A-5-6(a)(3), Ala.Code 1975, provides that a person convicted of a Class C felony shall be punished by “not more than 10 years or less than 1 year and 1 day.”[5] M.H.’s 20-year sentence for his sexual-abuse conviction exceeded the maximum authorized by law and was, thus, illegal.
Based on the foregoing, we affirm M.H.’s convictions for sodomy in the first degree and sexual abuse in the first degree and his 30-year sentence for the sodomy conviction. However, we remand this case to the trial court for it to conduct a new sentencing hearing and to resentence M.H. for the first-degree-sexual-abuse conviction in accordance with this opinion. Due return shall be filed with this Court within 42 days of the date of this opinion and shall include a transcript of the sentencing hearing conducted on remand as well as the trial court’s amended sentencing order.
*50 AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING. 
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.

. M.H. was also indicted for rape in the first degree, a violation of § 13A-6-61, Ala.Code 1975, by means of a separate indictment (case no. CC-06-2264); however, in a previous trial, which resulted in a mistrial as to the sexual-abuse and sodomy charges, M.H. was acquitted of the rape charge.

. In that motion, M.H. raised only a single issue regarding the jury’s initial indication during deliberations that it was deadlocked and the trial court's subsequent actions in that regard. See Part II of this opinion.

. Moreover, to the extent that M.H.’s argument on appeal could be construed to be a challenge to the weight of the evidence, rather than its sufficiency, M.H. also failed to properly preserve that issue by including it in his postjudgment motion. See Zumbado v. State, 615 So.2d 1223, 1241 (Ala.Crim.App.1993) ("The issue of the weight of the evidence is preserved by a motion for a new trial, stating ‘that the verdict is contrary to law or the weight of the evidence.’ See A.R.Cr.P. 24.1(c)(1).”).

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

. There is no indication in the record that M.H. was sentenced under the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975.