PER CURIAM.
The appellant, Freddie L. Clark, was convicted of one count of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. The circuit court sentenced Clark as a habitual felony offender with three prior felony convictions to a total of 30 years’ imprisonment: 20 years’ imprisonment for the unlawful-distribution conviction plus a 5-year enhancement pursuant to § 13A-12-250, Ala.Code 1975, because the offense took place within a 3-mile radius of a school, and a 5-year enhancement pursuant to § 13A-12-270, Ala.Code 1975, because the offense took place within a 3-mile radius of a public-housing project. The circuit court ordered Clark to pay a $5,000 fine, $50 to the Crime Victims Compensation Fund, a fíne of $1,000 pursuant to the Drug Demand Reduction Assessment Act, $100 to the Alabama Forensic Services Trust Fund, and court costs.
The record indicates that in December 2011 Clark sold an “eight ball” of crack cocaine[1] to a confidential informant who *148 was working for the police. Clark was subsequently arrested and charged with unlawful distribution of a controlled substance. On- September 9, 2013, Clark was convicted of unlawful distribution of a controlled substance and on October 11, 2013, the circuit court conducted a sentencing hearing. The following transpired at the sentencing hearing:
“THE COURT: Freddie Clark. Distribution of a controlled substance; is that correct? And that is a Class B felony?
“[DEFENSE COUNSEL]: Your Honor, yes, sir. If I may, Mr. Clark was convicted of distribution of a controlled substance, and the jury came back with a finding of that related statute within the three miles of a housing project and three miles of a school. The State filed a motion or notice of prior convictions for introducing them at sentencing and to provide to the Court the certified priors.
“THE COURT: All right.
[[Image here]]
“[DEFENSE COUNSEL]: — the charge is now subject to the presumptive guideline, and I reviewed the full commission report, and in there it states that the presumptive sentencing guideline is to apply to anyone sentenced after October 1st. We ask that the presumptive sentencing guideline apply. I have attempted today to do the worksheet. I have done the worksheet that would show what the presumptive sentencing range would be.
“[PROSECUTOR]: The State’s position would be that the statute says it becomes effective October 1st. It doesn’t mean they apply to previous convictions prior to October 1st. The State would ask the Court to sentence him under the old guideline and also implement the two enhancements I have discussed with the Court previously.
“THE COURT: You know, this is an interesting question that I don’t think anybody has given an answer to yet. And by analogy I look at it this, this way, suppose that a new statute had been passed increasing the penalty, and ■he is tried for an offense and the new statute takes effect and the penalty is increased as of the sentencing date. Would that apply?
“[DEFENSE COUNSEL]: No, because it’s punitive.
“THE COURT: I don’t think it would.... So, you know, I tend to agree with the State on that by that analogy- •• •
“Okay. I’m going to sentence him to the five-year enhancement in each situation, the housing project and the school. I will sentence him — and he has how many priors here now?
“[PROSECUTOR]: Three, Your Hon- or.
[[Image here]]
“THE COURT: I sentence him to the twenty years plus the two enhancements which will be an additional five with each enhancement, and that will be a total of 30 years.
“[DEFENSE COUNSEL]: We would ask to reserve that for appeal.”
(R. 150-53.) This appeal followed.
Clark’s sole contention on appeal is that the circuit court erred when the court sentenced him pursuant to the Habitual Felony Offender Act (“HFOA”) and failed to follow the presumptive sentencing standards which, Clark argues, were mandatory “for any sentencing event occurring after October 1, 2013, and because [he] was found guilty of an offense that is a nonviolent offense.” (Clark’s brief, p. 11.) Clark contends that because he was sen- *149 fenced on October 11, 2013, the circuit court was required to sentence him pursuant to the presumptive sentencing standards established in § 12-25-35(b), Ala. Code 1975.[2]
The Alabama Sentencing Reform Act of 2003 (“the Act”), as amended effective October 1, 2006, created voluntary sentencing standards to, among other things, assist trial judges in determining the most appropriate sentence for convicted felony offenders. See § 12 — 25—31(a)(1), Ala.Code 1975. At the time the Act was passed, a trial judge had the discretion to sentence a defendant either pursuant to the voluntary sentencing standards or pursuant to the HFOA. See State v. Crittenden, 17 So.3d 253, 259 (Ala.Crim.App.2009).
In 2012, the legislature enacted § 12-25-34.2, Ala.Code 1975, effective May 15, 2012, to implement presumptive sentencing standards in place of the voluntary sentencing standards. See Act No. 2012-473, Ala. Acts 2012. Section 12-25-34.2(b), Ala.Code 1975, provides:
“The voluntary sentencing standards as provided for in Section 12-25-34, as applied to nonviolent offenses shall become presumptive sentencing standards effective October 1, 2013, to the extent the modification adopted by the Alabama Sentencing Commission become effective October 1, 2013. The standards shall be applied by the courts in sentencing subject to departures as provided herein. To accomplish this purpose as to the existing initial voluntary sentencing standards, the Alabama Sentencing Commission shall adopt modifications to the standards, worksheets, and instructions to the extent necessary to implement this provision including, but not limited to, defining aggravating and mitigating factors that allow for departure from the presumptive sentencing recommendations. The commission’s modifications shall be presented to the Legislature in the commission’s annual report within the first five legislative days of the 2013 Regular Session.”
In M.H. v. State, 6 So.3d 41 (Ala.Crim.App.2008), this Court explained:
“Tt is well settled that the law in effect at the time of the commission of the offense controls the prosecution.’ Minnifield v. State, 941 So.2d 1000, 1001 (Ala.Crim.App.2005). See also Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990) (‘A defendant’s sentence is determined by the law in effect at the time of the commission of the offense.’); Hardy v. State, 570 So.2d 871 (Ala.Crim.App.1990) (unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense); and Jefferson v. City of Birmingham, 399 So.2d 932 (Ala.Crim.App.1981) (law in effect at the time of the offense governs prosecution). ‘“As a general rule, a criminal offender must be sentenced pursuant to the statute in effect at the time of the commission of the offense, at least in the absence of an expression of intent by the legislature to make the new statute applicable to previously committed crimes.’” Zimmerman v. State, 838 So.2d 404, 406 n. 1 (Ala.Crim.App.2001), quoting 24 C.J.S. Criminal Law § 1462 (1989). As this Court explained in White v. State, 992 So.2d 783 (Ala.Crim.App.2007):
“ Tt is well settled that “[ujnless the statute contains a clear expression to the contrary, the law in effect at the *150 time of the commission of the offense ‘govern[s] the offense, the offender, and all proceedings incident thereto.’ ” Hardy v. State, 570 So.2d 871, 872 (Ala.Crim.App.1990), quoting Bracewell v. State, 401 So.2d 123, 124 (Ala.1979). “In Alabama, retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.” Jones v. Casey, 445 So.2d 873, 875 (Ala.1983).’
“992 So.2d at 785.”
M.H., 6 So.3d at 49 (emphasis added).
We have reviewed Act No. 2012-473, Ala. Acts 2012, and § 12-25-34.2(b), Ala. Code 1975, and there is no express statement that § 12-25-34.2(b) is to. apply retroactively. There is, however, an indication that the legislature intended the presumptive sentencing standards to apply retroactively.
Section 12-25-34(d), Ala.Code 1975, explains, in part, as follows:
“Commencing with the 2013 Regular Session, any modification to the initial voluntary sentencing standards made by the commission shall be contained in the annual report presented to the Governor, the Legislature, the Chief Justice, and the Attorney General. An annual report containing proposed modifications shall be presented to the Governor, the Legislature, the Chief Justice, and the Attorney General at least forty-five days prior to each regular session.of the Legislature. The modifications presented for nonviolent offenses shall become effective on October 1 following the legislative session in which the modifications were presented unless rejected by an act of the Legislature enacted by bill during the legislative session.”
(Emphasis added.)
Although § 12-25-34.2(b), Ala.Code 1975, does not expressly state that the presumptive sentencing standards are to be applied retroactively, that Code section requires the Alabama Sentencing Commission (“the Commission”) to create an annual report “containing proposed modifications” to the sentencing standards and to submit those proposed modifications to the legislature; those proposed modifications for nonviolent offenses, as explained in § 12-25-34(d), Ala.Code 1975, are then adopted by the legislature, unless expressly rejected by the passage of a bill. Thus, to determine what the legislature “intended” with regard to the presumptive sentencing standards we must look to the proposed modifications that were adopted by the legislature.
Before the 2013 legislative session, the Commission, complying with the legislative mandate in § 12-25-34(d), Ala.Code 1975, submitted to the legislature the “2013 Report.” In that report, the Commission explained, in its “Executive Summary”:
“With considerable input from all facets of the criminal justice system as represented on both the Alabama Sentencing Commission and the Commission’s Standards Committee, the Commission directed the major portion of its resources and time to carrying out the 2012 statutory mandates. The Commission, at the direction of the Legislature, focused this year’s efforts on making the necessary modifications to the Initial Voluntary Sentencing Standards to implement presumptive sentencing recommendations for non-violent offenses sentenced on or after October 1, 2013, and at the request of criminal justice practitioners, adding additional drug offenses to the Sentencing Standards and amending the drug sentence length table.”
Alabama Sentencing Commission 2013 Annual Report IX. In the 2013 Report, the *151 Commission explained that the proposed modifications “apply only to non-violent offenses,” and it attached the proposed modifications to the 2013 Report as “Appendix A.” In Appendix A, in the section entitled “General Instructions,” the proposed modifications included “subdividing” property offenses into two subsets — the first included only burglary offenses, which remained voluntary, and the second included all other “guideline” property offenses, which were to become presumptive. See 2013 Report A6. The proposed modifications explained that
“[t]he second property subset, now designated as ‘Property A,’ contains all other covered property offenses and those recommendations, along with the recommendations for covered drug offenses, become presumptive for applicable cases sentenced on or after October 1, 2013.”
2013 Report A6.
The Commission’s proposed modifications were not rejected by the legislature by the passage of a bill during the legislative session and, consequently, became effective on October 1, 2013. See § 12-25-34(d), Ala.Code 1975. Thus, the proposed modifications are the expressed intent of the legislature as to the application and administration of the presumptive sentencing standards.
As explained above, the instructions for the presumptive sentencing standards mandate that the sentencing standards for offenses covered under the “Property A” worksheet and the drug-offense worksheet become presumptive for all “applicable cases sentenced on or after October 1, 2013.” In other words, on or after October 1, 2013, if a sentencing event occurs for an offense that is included on the Property A or drug-offense worksheet, the circuit court is required to sentence the offender under the presumptive sentencing standards, regardless of when that offense was committed.
Here, Clark was arrested in December 2011 for unlawful distribution of a controlled substance — a nonviolent offense included on the drug-offense worksheet, see § 12-25-32(14), Ala.Code 1975, and The 2013 Report A10. Although Clark committed his offense well before October 1, 2013, he was not sentenced until October 11, 2013, and, according to the expressed intent of the legislature, was required to be sentenced under the presumptive sentencing standards.
Because the legislature intended that the presumptive sentencing standards apply to all “applicable cases sentenced on or after October 1, 2013,” the circuit court erred when it did not sentence Clark pursuant to the presumptive sentencing standards.
Accordingly, we reverse the sentence in this ease and remand this cause to the circuit court to conduct a new sentencing hearing at which the court shall sentence Clark in compliance with the presumptive sentencing standards.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, BURKE, and JOINER, JJ„ concur.

. An "eight ball” is one-eighth of an ounce of cocaine.

. Clark also argues that the presumptive sentencing standards should be applied retroactively because of their ameliorative sentencing effect. Because Clark makes this argument for the first time on appeal, we will not consider it on appeal. See Bole v. State, 86 So.3d 1088, 1095-96 (Ala.Crim.App.2011).