BURKE, Judge.
Demetrius Tarrelle Oliver pleaded guilty to three counts of second-degree criminal possession of a forged instrument, violations of § 13A-9-6, Ala.Code 1975, and two counts of third-degree theft of property, violations of § 13A-8-5, Ala.Code 1975. Oliver was originally accepted into the pre *1236 trial-diversion program; however, he was subsequently dismissed from the pretrial-diversion program and was sentenced by the court to 15 years’ imprisonment for each second-degree criminal-possession-of-a-forged-instrument conviction and 1 year’s imprisonment for each third-degree theft-of-property .conviction. Those sentences were suspended, and Oliver was placed on two years of supervised probation. The State filed a motion to resen-tence Oliver, claiming that Oliver had been improperly sentenced to 15 years’ imprisonment for the ■ criminal-possession-of-a-forged-instrument convictions, which are Class C felonies,1 when the maximum sentence allowed by law for such offenses is 10 years’ imprisonment.
The circuit court held a hearing on the State’s motion to resentence. At the hearing, the State indicated that Oliver had been on probation; however, the State contended that Oliver’s probation had been revoked and that he was then serving an illegal sentence of 15 years’ imprisonment for each conviction of second-degree criminal-possession-of-a-forged-instrument, which were split, requiring him to serve three years’ in prison. The State argued that his sentences were illegal because the maximum sentence allowed by law for a Class C felony is 10 years’ imprisonment. The circuit court found that Oliver’s previous sentences for the criminal-possession-of-a-forged-instrument convictions were illegal sentences and were void. When considering new sentences, the circuit court acknowledged that, un'der the presumptive sentencing standards, the recommended sentence for each of Oliver’s convictions for second-degree criminal possession of a forged instrument was a nonprison sentence, ranging from 14' months to 38 months on a straight sentence, or 6 months to 12 months on a split sentence. (R. 3.) See Presumptive and Voluntary Sentencing Standards Manual,.pp. 41-48. However, the circuit court departed from the presumptive sentencing standards and, instead, sentenced Oliver to 14 months’ imprisonment in a Department of. Corrections facility for each conviction of second-degree criminal possession' of a forged instrument, which is considered a prison sentence, and 12 months’ in the county jail for each conviction of third-degree theft of property. (R. 11-12.)
In Clark v. State, 166 So.3d 147 (Ala.Crim.App.2014), this Court noted the following:
“The Alabama Sentencing Reform Act of 2003 (‘the Act’), as amended effective October 1, 2006, created voluntary sentencing standards to, among other things, assist trial judges in determining the most appropriate sentence for convicted felony .offenders. See § 12-25-31(a)(1), Ala.Code 1975. At the time the Act was passed, a trial judge had the discretion to sentence a defendant either pursuant to the voluntary sentencing standards or pursuant to the [Habitual Felony Offender Act]. See State v. Crittenden, 17 So.3d 253, 259 (Ala.Crim.App.2009).
“In 2012, the Legislature enacted § 12-25-34.2,- Ala.Code 1975, effective May 15, 2012, to implement presumptive sentencing standards in place of the voluntary sentencing standards. See Act No. 2012-473, Ala. Acts 2012. Section 12-25-34.2(b), Ala.Code 1975, provides:
“ ‘The voluntary sentencing standards as provided for in Section 12-25-34, as applied to nonviolent offenses shall become presumptive sentencing standards effective October 1, 2013, to the extent the modification adopted by the Alabama Sentencing Commission become effective October 1, 2013. The standards shall be applied by the courts in sentencing subject to depar *1237 tures as provided herein. To accomplish this purpose as to the existing initial voluntary sentencing standards, the Alabama Sentencing Commission shall adopt modifications to the standards, worksheets, and instructions to the extent necessary to implement ■this provision including, but not limited to, defining aggravating and mitigating factors that allow for departure from the presumptive sentencing recommendations. The commission’s modifications shall be presented to the Legislature in the commission’s annual report within the first five legislative days of the. 2013 Regular Session.’” ...
166 So.3d at 149. Additionally, §12-25-34.2(c), Ala.Code 1975, provides that
“[d]urational and dispositional departures from the presumptive sentencing standards shall be subject , to appellate review. Along with the modifications provided for in subsection (b), the Alabama Sentencing Commission shall recommend a narrowly defined scope of appellate review applicable to departures' from presumptive sentencing recommendations. The scope of appellate review shall become effective upon approval by an act of the Legislature enacted by bill.”
Pursuant to the departure procedures for the presumptive sentencing standards, a sentencing court may depart from either a dispositional or a durational sentence recommendation “in exceptional eases, upon a finding of aggravating and/or mitigating factors.” Presumptive and Voluntary Sentencing Standards Manual, p. 24. However, if the sentencing court decides to depart from a sentence recommendation in the presumptive sentencing standards, “the aggravating and/or mitigating factors found as reasons for any departure must be stated in the written sentencing order....” Presumptive and Voluntary Sentencing Standards Manual, p. 25.- As Oliver stated at the hearing below and now contends on appeal, the circuit court in this case improperly, departed from the .presumptive sentencing standards without stating the aggravating factors it had found to support the departure.
Accordingly,* because- the circuit court did not follow the proper departure procedures, this case is due to be remanded to the circuit court with directions for that court to amend its resentencing order to include its réasons for departing, from the presumptive sentencing standards or, if the court deems necessary, to resentence Oliver in accordance with those standard's. Due return shall be made to this Court within 42 days of the issuance of this opinion.
REMANDED WITH DIRECTIONS. 
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.